Theodore S. Kasler, J„
This is a motion for an order vacating and quashing a certain search warrant issued by this court on the 4th day of January 1968, purporting to authorize a search of premises known as 84 Haven Street, Buffalo, New York, and of the defendant, Daniel Slcorupa, on the ground that said search warrant was improperly issued and that no probable cause existed for its issuance.
Arthur A. Lorenzo, Esq., appeared on behalf of the petitioner, and Michael F. Dillon, Esq., District Attorney of Erie County, Robert Bolm, of counsel, appeared for the People.
The affidavit of Detective Ottavio D. Derrico, dated January 4, 1968, sets forth in substance the following salient facts:
*666 1. He is a member of the Buffalo Police Department, Bureau of Vice Enforcement, assigned to the Gambling Squad thereof.
2. In May, 1967, the said Ottavio Derrico was conducting an investigation of book-making at number 9 Kermit Avenue, which resulted in two arrests on May 29, 1967, and, during the month of May, a lawful interception of telephone calls was made pursuant to a court order. The defendants in the arrest of May 29, 1967 were heard to call TX 5-7522, or were called by 1 ‘ Danny ” of 84 Haven Street from the same number.
3. Telephone number TX 5-7522 was listed, according to the records of the New York Telephone Company, to one Charles Bomalewski of 84 Haven Street.
4. These conversations consisted substantially of bets that “ Danny ” felt were too big for him to handle. During one conversation, ‘ ‘ Danny ’ ’ specifically said that he had acquired a new ‘ ‘ customer ’ ’ from one of the area plants, and that this ‘ ‘ customer ’ ’ was giving him so much business he could not handle it all.
5. ‘ ‘ Danny ’ ’ therefore set up an agreement with Alex Kowalczyk to handle half of these bets.
6. On May 29, after the two arrests were made at number 9 Kermit Avenue, Alex Kowalczyk’s girl friend called TX 5-7522 and told “ Danny “ Danny, they took him away ”. “ Danny ” then said he was going to burn everything and leave the house. ‘ ‘ Danny ’ ’ refused to talk any longer, and hung up abruptly. Subsequently, the decision of Berger v. New York (388 U. S. 41) was rendered, and a motion to suppress was granted in the matter of Alex Kowalczyk concerning the search and arrests made on May 29, 1967 at number 9 Kermit Avenue, Buffalo, New York.
7. The investigation of “ Danny ” was reactivated on November 29,1967, after information was received from an anonymous informant that ‘‘ Danny ’ ’ was taking bets at 87 Haven Street over telephone number 895-7522. The police did know that this number was listed at 84 Haven Street from the information they had gathered in the May, 1967 proceedings against the said Alex Kowalczyk.
8. On November 29, 1967, the affiant observed and followed a man from 84 Haven Street, from the front door, to Gibby’s Lunch, 1906 Genesee Street. On that day, “ Danny ” ordered a cup of Sanka coffee. He drank his coffee and went into the back room where William Gibbons, also known as ‘ ‘ Gibby ’ ’, was looking at an Armstrong scratch sheet and writing. “ Danny ” walked up to him and talked about reverse bets (a type of bet that can only be wagered with a book-maker and not *667 at a racetrack), and received a forecaster and a copy of the New York Daily News from “ G-ibby ”.
9. On December 5, 13 and 14, 1967, and on January 2, 1968, “ Danny ” went to Gibby’s Lunch, where he picked up a forecaster, which is a racing scratch sheet, together with some slips, on each occasion.
10. The affiant also stated that, ‘ ‘ your deponent knows that evidence taken from 9 Kermit on May 29, 1967, when the Kowalczyk brothers were arrested, included a list of bettors and book-makers. The book-makers were designated with “A” for Agent. One designation was ‘ Danny, TX 5-7522
The main allegation in the affidavit of Arthur E. Lorenzo, Esq., dated February 20, 1968, states as follows: “ Your deponent respectfully submits to this Court that the said affidavit of the said Ottavio D. Derrico does not set forth sufficient facts constituting ‘ timely probable cause ’; and further, that the said affidavit fails to set forth sufficient facts constituting any ‘ probable cause ’ as defined by law; and further, that the said affidavit refers to an ex parte wiretap order, granted in the month of May 1967, which wiretap order, your deponent submits, is unconstitutional and illegal.” No facts were set forth to substantiate the above conclusions.
This court must first consider the validity of the information received as a result of the purported unconstitutional search of one Alex Kowalczyk at premises number 9 Kermit Avenue in the City of Buffalo on May 29, 1967, during which a book containing a list of bettors and book-makers was seized and which designated one “Danny, TX 5-7522 ”, as an “agent”. As stated above, a motion to suppress was eventually granted on the basis of the decision rendered in Berger v. New York (388 U. S. 41, supra) which struck down as unconstitutional those portions of section 813-a of the Code of Criminal Procedure which authorized eavesdropping orders. However, on December 7, 1967, the Court of Appeals of the State of New York, in People v. Kaiser (21 N Y 2d 86, 101) stated as follows: “ We conclude that Berger did not affect the wiretapping provisions of section 813-a of the Code of Criminal Procedure and that its decision affected only that ‘ language [which] permits a trespassory invasion of the home, by general warrant, contrary to the Fourth Amendment ’ (Berger v. New York, supra, p. 64).” (Italics supplied.)
But, even assuming arguendo that the doctrine of “ the fruit of the poisoned tree ” were to be applied (see, Nardone v. United States, 308 U. S. 338), it could not apply in this case, on the authority of People v. Estrada (28 A D 2d 681, cert. den. *668 384 U. S. 992) where it was stated: ‘ ‘ Whether the person claiming 1 standing ’ has been a ‘ victim ’ of a constitutional infringement or one against whom an unconstitutional act was ‘ directed ’ depends on the precise factual background of each search and seizure and the movant’s relation to the object seized or premises searched. The facts at bar indicate that defendant was not the victim of the unreasonable search and, hence, had no standing to move to suppress.”
The averments in Detective Derrico’s affidavit clearly place the case at bar within the purview of the rule in People v. Estrada (supra) without further elaboration.
As to the question of timely probable cause, this court once again refers to the affidavit, where it is stated that the surveillance of the defendant was commenced on November 29, 1967, and that the conversation relating to book-making was overheard on that date. '(See, People v. Costanzo, 14 N Y 2d 596, 597.) It was not commenced on May 29, 1967, the date of the Kermit Avenue raid. However, at the suggestion of the issuing Judge, the information from the May 29, 1967 raid was incorporated into the affidavit in order to establish a foundation of facts and circumstances which pointed to the defendant herein and to no other person or premises. This court relied on the surveillance and conversations overheard on, and subsequent to, November 29, 1967, which were “ triggered ” by the anonymous phone tip of November 29', 1967.
These observations and overheard conversations were facts of special significance to Detective Derrico, whose only duty is the enforcement of the gambling laws, and, coupled with his prior knowledge of 1 ‘ Danny ’ ’ and the phone number, were overwhelming evidence of probable cause superior even to the standard of “ probable cause in the eyes of a reasonable, cautious and prudent peace officer under the circumstances of the moment ”, established by Bell v. United States (254 F. 2d 82, cert. den. 358 U. S. 885).
It must be remembered that this is a motion to suppress and is not a trial. Judge Sobel held, in People v. Estrada (44 Misc 2d 452, 457, revd. 28 A D 2d 681, on other grounds): “ All that the Fourth Amendment requires is that evidence unconstitutionally seized be not admitted at the trial.” The same principle is applied in McRay v. Illinois (386 U. S. 300, 307, citing State v. Smith, 37 N. J. 481, 486).
In this particular instance, this court holds that the legality or the illegality of the seizure at 9 Kermit Avenue was never specifically determined, but rather, the motion to suppress was granted on the motion of the District Attorney, based on the *669 general belief that section 813-a of the Code of Criminal Procedure was in its entirety unconstitutional, which was otherwise held in People v. Kaiser (21 N Y 2d 86, supra). (This court granted the motion to suppress in the Alex Kowalczyk matter.)
Therefore, based on the foregoing, the motion is, in all respects, denied.